# PD-0129-15

COURT OF CRIMINAL APPEALS

COA. No 10-13-00430-CR

TRIAL No. 12-00472-CRF-272

QUINCY BUTLER vs THE STATE OF TEXAS

APPEAL FROM n Cause No 12-00472-CRF

**THE DISTRICT COURT BRAZOS COUNTY, TEXAS**

272nd Judicial District

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 11 2015

Abel Acosta, Clerk

## MOTION FOR REHEARING(79.1)

TO THE HONORABLE JUSTICE OF THE SAID COURT:

COMES NOW QUINCY BUTLER ,MOVANT IN THE ABOVE ENTITLED AND NUMBERED cause by and through PRO se ,and files this Motion for Rehearing pursuant ( 79.1),and in support thereof movant would show the court as followings:

THE Court of Criminal Appeals has held the court's jurisdiction is not unlimited when it comes to protecting the rights of the citizen no matter what walk of life he or she may be from. McBeth vs Campbell, 125 S.W.2d 118,122 (Tex.crim.app.1929).

Appelant certify said motion see T.R.A.P 10.2 which is also supported by record Authority and Argument to obtain relief. Kindley vs State 879 sw.2d 261,264 (Tex App. Houston 14th Dist 1994.) This court has held that when our Code of Criminal Procedure has been overlooked and disregarded we will set aside conviction we will always have an attentive ear, Parker vs STATE 795 sw.2d 934,935,937(Tex App,HOUSTON 1st Dist 1988)

MOVAT WAS DEPRIVED OF HIS RIGHTS AS SECURED AND GUARANTEED under the 6th amendment to an impartial"jury trial" and to be properly informed of the nature and cause of the accusations against him and violated his 14th amendment right to due process when this court failed to acknowledge that the trial court abused its discretion in denying movants "MOTION to QUASH indictment. Movant challenged the constitutional test required for a valid indictment, and the elements of the constitutional test required for a valid indictment, and the elements of the offense and every fact or circumstances nessary to complete the discription thereof alleged therein the charging instrument, and the trial court's denying the "Motion to Quash 'the Indictment" as the Texas Code of Criminal Procedure illustratively defines defects in the substance to include"That it <u>contains</u> <u>matter</u> <u>which</u> <u>is</u> <u>a</u> <u>legal</u> <u>defense</u> <u>or</u> <u>bar</u> <u>to</u> <u>prsecution</u>."

And the terms set forth in the second paragraph charging movant with aconduct of being reckless is misconstrued, impermissible and misdirecting to the meaning expressly provided by Texas Legislative intent. In the instant case , thus reveals constitutional error that is subject to a harmless error review, and The Court of Criminal Appeals should grant this Motion for **Rehearing** of this Court order Refusing P.D.R 4-1-15, and movant urges the court to issue an order to reverse this wrongful conviction. Futher the challenge to the legally **insufficient evidence** should have been reviewed "de novo" . In accordance to well established law established by the U.S. Supreme Court as well as The Texas Court of Criminal Appeals, a grand jury indictment must set forth each essential element of offense, and to be valid an indictment must charge positively and not inferently, but with clarity and certainty so that the accused may know with precise notice of what he is defending against. When a statute defines <u>the</u> <u>manner</u> <u>and</u> <u>means</u> <u>of</u> <u>a</u> <u>commission</u> <u>in</u> <u>several</u> <u>alternative</u> <u>ways</u>, <u>an</u> <u>indictment</u> <u>will</u> <u>fail</u> <u>for</u> <u>lack</u> <u>of</u> <u>specificity</u> <u>if</u> <u>it</u> <u>neglects</u> <u>to</u> <u>identify</u> <u>which</u> <u>of</u> <u>the</u> <u>statutory</u> <u>means</u> <u>it</u>

address.State vs Edmond,933S.W.2d120,128(Tex. Cr.App.1996) ("WHERE A CRIMINAL STATUTE POSSESSES STATUTORILY DEFINED, ALTERNATIVE METHODS OF COMMITTING AN OFFENSE,THEN UPON TIMELY REQUEST,A DEFENDANT IS ENTITLED TO AN ALLEGATION OF WHICH STATUTORY METHOD THE STATE INTEND TO **PROVE** .").

The Court of Criminal Appeals intended to create a bright-line rule in Edmond. That rule is:"WHEN A STATUTE DEFINES THE MANNER OR MEANS OF COMMITTING AN OFFENSE, AN INDICTMENT BASED UPON THAT STATUTE NEED NOT ALLEGE ANYTHING BEYOND THAT DEFINITION"Edmond,933 S.W.2d at 129..

In the instant case the charging instrument defines part of Deadly Conduct and part of Aggravated Assault definition in the indictment,and fails for lack of specificity. The 10th Court of Appeals stated : THE TRIAL ATTORNEY STATED THAT THE STATE FAILED TO STATE A CULPABLE MENTAL STATE AND APPELLANT".S APPEAL ATTORNEY ASSERTS THAT THE INDICTMENT ALLEGED THE WRONG CULPABLE MENTAL STATE.

The 10 th Court of Appeals failed to address the fact the indictment was void as a whole if it did not **give a culpable mental state of if it gave the wrong culpable mental state** which prejudiced the defendant and violated his due process rights guaranteed under th 14th amendment.

The state charges the deadly weapon as follows:...to-wit: firearm,which in the manner of its use or intended use was capable of causing death or serious bodily injury..."

This language is not necessary and was not part of the statutorily definition of deadly conduct therefore violating establish law in Edmond supra.

The U.S constitution states that:In all criminal prosecution,the accused shall enjoy the right to a...public trial,by impartial jury... and to be in formed of the nature and cause of the accusation. [U.S. Constitution 6 Amend.]

In the instant case the movant was entitled to a specific allegation of the manner and means of committing the alleged offense in which he was charged.

The Court of Criminal Appeals has held that an accused

cannot act "intentionally or knowingly", and act reckless at the same time in the same instant, [ALONZO vs State, 353 S.W. 3d 778(Tex Crim.App 2011)

and because of such denial of constitutional protection and the State's failure to correct the invalid and fundamentally defective and void indictment when having an opportunity to do so, this court in all things should grant this Motion for Rehearing and Reverse the trial courts conviction and punishment and remand for further proceedings.

### 2)

In reviewing a legal sufficiency challenge to the evidence Tex. Code Criminal Proc.Ann.art. 1.14(b) provides that certain errors are waived if there is no objection. In COOK vs State 902 S.W. 2d 471,476(TEX, CR.App 1995),the Court held to comprise an indictment within the meaning of art,V.&12 of the Texas Constitution,the document must charge:1) a person(2)with the commission of an offense. In the instant case the trial court did not have jurisdiction to prosecute this instant case by lack of clarity and specificity to identify the penal statute under which the State intended to prosecute.

The Trial court has denied movant his Sixth Amendment right to compulsory process " is in plain terms the right to present a defense, How could movant present a defense when the fail to give adequate notice of the offense in which the State plan to prosecute after timely request?

### 3.)

Double Jeopardy

Movant was tried 3 times for this same offense in violation of double jeopardy also the state initialy 5th amendment guarantee.The Trial court also initial indicted movant on a Agg Assault then subsequently indicted movant on DEADLY CONDUCT from the same event as th AGG ASSAULT which was the same identical act by the charging instruments,

Luna vs State 493 S.W.2d 854(Tex. Cr. App. 1973)

**4.)**

The Trial court erred in denying mistrials.
The State several in flamatory statements,and the three request were denied after cumalative effect of all the inflamatory remarks by the State and there witnesses.

During closing prosecutor **JASON GOSS SAY THIS IS A MURDER CASE -then a mistrial is** requested ,denied and instruction are given to dis-regard then after instruction are given **PROSECUTOR RYAN CALVERT** gets up and says thi is a murder case after the judge had given instructions the prosecutor inflamed the minds of the juror's again.

He rephases his statment by putting if in front of the original statement this is a murder case after the said "I HAVE COMMITS MURDER ON THE RECORDS.

Movant was sentenced for attempt murder which was not part of the charging instrument.

This was also prosecutorial misconduct and misrepresented facts in evidence and disregarded instruction the Judge had given which resulted in violation of 6th Amendment right to a fair trial.

In evaluating whether the declaration of a mistrial was warranted in the instant case, the Court of Appeals,as well as the trial court failed to apply inflexible standards, due to the infinite variety of circumstances in which a mistrial arose and should have been granted.The prosecutor misrepresented facts in evidence amounted to substantial error because doing so profoundly impress the jury and had significant impact on the jury's deliberations "Donnelly vs Dechristofore 416 U.S ¢$¢,($ S.ct 1868, 40 L.ED 2d 431 (1974).

Movant's U.S. Constitutional right's6th,5th,14th amooom
                                         ( amendment    )
and the Texas Const,and Federal right's were violated
and in conclusion movant prays this Honorable court
by and through the interest of justice grant this motion .

**WHEREFORE,PREMISES CONSIDERED,** the movant prays that this Honorable court will grant this the MOVANT'S MOTION FOR RE.-HEARING .

RESPECTFULLY SUBMITTED

QUINCY BUTLER #01899541

Eastham Unit 5 DORM -36

Lovelady ,TX75851

## CERTIFICATE OF SERVICE

I certify that a true copy of this Motion for Rehearing
was served to the Clerk of the Court of Criminal Appeals
on 5-5-15 to P.O. BOX 12308
                Capitol Station,Austin ,TX 78711    **by U.S. MAIL**




                                    **RESPECTFULLY**
                                    QUINCY BUTLER
                                X

COURT OF CRIMINAL APPEALS

COA No. 10-13-00430-CR

Tr, Ct. no. 12-00472-CRF_@272nd

PD_0129-15

**Second request for extension of time to file a Motion for Rehearing**

**THE HONORABLE JUSTICE OF SAID COURT**

COMES NOW QUINCY BUTLER PRO se appellant requesting for an additional extension of time.

Movant would show as follows:

1) .This court granted the extension of time on 4-20-15 but movant just was notified that his first request was granted on 5-4-15 and its due 5-6-15.

2). Movant would show that this court sent movants white card notifying him that the request was granted went to the wrong address and was forwarded to movant upon late notice. Movant is located at Eastham Unit and no longer at Allred Unit and this court had already been notified of his new location -2665 Prison RD 1

Lovelady, Texas 75851

WHEREFORE PREMISES CONSIDERED appellant prays that this Honorable court acknowledge the facts above and grant movant 15 days to sumbit his MOtion for Rehearing by May 21,2015

RESPECTFULLY SUBMITTED
QUINCY BUTLER #01899541
Eastham Unit 5 Dorm-36
Prison RD 1
Lovelady, 75851

## CERTIFICATE OF SERVICE

I,certify that a true copy of this Request for extension of time has been served on the Clerk of the COurt of Criminal Appeals, P.O.Box 12308,CAPITOL STATION,AUSTIN,TEXAS 78711 by U.S. mail on 5-4-15

## DECLARATION

I,QUINCY BUTLER #01899541 ,movant in the above and foregoing Request for extension of time to file MOTION FOR REHEARING, and to the best of my knowledge and belief it is true and correct.

This declaration is made pursuant to section 132.001,et seq, of the Texas Civil Practice and Remedies Code,on this 4th day of May,2015

*Quincy Butler*

*Quincy Butler*
MOVANT PRO se

FOREVER

NORTH TEXAS TX PRDC
DALLAS TX 750
05 MAY 2015 PM 3 L

Quincy Butler #01855541
Eastham Unit 5 Dorm 36
2665 Prison Rd 1
Lovelady, Tx 75851

Court of Criminal Appeals
P.O. Box 12308
Capitol Station, Austin, Tx 78711

78711230808

Legal